Lanham vs. Commonwealth.

CASE 19—INDICTMENT—JUNE 12.

# Lanham vs. Commonwealth.

APPEAL FROM WASHINGTON CIRCUIT COURT.

1. No question can arise in the court of appeals, on the propriety or impropriety of the instructions given, as the only two asked by the Commonwealth were presented without objection, and given without exceptions, and the only one asked by the defendant, was given.

2. The substance of the evidence of a witness, taken down at the examining trial before the committing magistrate, signed by the witness and the magistrate, although not, *of itself*, evidence for any purpose, still it is, in connection with other evidence, competent for some purposes.

3. The committing magistrate being introduced to prove that the statements of one of the defendant's witnesses, on the trial in the circuit court, were different from those made by him on the examining trial, the evidence of such witness on the examining trial, signed by the magistrate, is competent as a test of the magistrate's memory, and to show the imperfection of his recollection of what the witness stated before him.

HAYS, THURMAN & HARRISON and
T. N. & D. W. LINDSEY,                    For Appellant,
                    CITED—
  *Criminal Code, sec.* 57 ; *Act of Feby.* 17, 1858.
  *Myers' Code, note a, page* 632.
  3 *Starkie's Ev.*, 1752, &c., *and top p.* 1749, *and s.* '*p.* 1758.
  1 *Met.*, 376 ; *Payne vs. Commonwealth.*
  2 *Met.*, 33 ; *Jane vs. Commonwealth.*

JOHN RODMAN, Attorney General,          For Appellee,
                    CITED—
  3 *Met.*, 13 ; *Burns vs. Commonwealth.*
  *Civil Code, section* 663.
  2 *Met.*, 581 ; *Vance vs. Vance.*

Lanham vs. Commonwealth.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

Appellant, having been indicted in the Washington circuit court for burglary, was tried, at the April term, 1868, of said court, found guilty, and the period of his confinement in the State prison fixed at three years, by the jury; judgment of conviction was rendered in accordance with the finding of the jury; and a motion for a new trial having been overruled, an appeal was allowed by one of the judges of this court, and a reversal of the judgment is now sought.

No question can arise on the propriety or impropriety of the instructions given, as the only two asked by appellee were presented without objection, and given without exceptions taken to the giving thereof, and the only one asked by appellant was given ; and, if it appeared in the record that a motion had been made, and overruled by the court, to set aside the verdict on account of the misconduct of some of the jurors during the trial, as the affidavits in the transcript would indicate, the ruling of the court would have been sustained by the counter-affidavits filed.

In the progress of the trial, Judge McIntire, who presided at the examining court, was introduced to prove that the statements of Pearce, a witness examined on behalf of appellant, in relation to what O'Neal was engaged at, before and after breakfast, in the morning next after the offense charged had been committed, in the court of inquiry, were different from those he made on the trial in the circuit court—O'Neal having been jointly indicted with appellant for the offense charged. And, after he had testified, appellant's attorneys offered to read, as evidence in his behalf, the statement of Pearce, the witness before the examining court, as written out at the time, and signed by the witness McIntire;

which was objected to by the attorney for appellee; his objections were sustained by the court, and the statement rejected; to which ruling of the court appellant at the time excepted; and that is the only question presented by this appeal.

Section 57 of the Criminal Code provides, that "the magistrate, in the minutes of the examination, shall state the name and place of residence of each witness, and the substance of his evidence; and if the offense be a felony, shall read to each witness the statement of his evidence, for his correction, before another witness is examined. But such statement shall not, *of itself*, be evidence for any purpose"

That section was amended by an *act of the Legislature*, approved 17th of February, 1858, by repealing so much thereof as required the evidence to be written out and signed by the witness, and requiring the examining court to write out the substance of what was proved, and to file that statement in the circuit court.

The witness, McIntire, was asked, on his cross-examination, if he had not, on the examining trial, taken the substance of Pearce's statement then made; and he answered that he had gotten Mr. Gorin to write down the substance of his statement on that occasion, and he signed it as written down by Gorin, and it was the same offered by appellant; and the same is incorporated in the bill of exceptions certified to this court.

This statement of Pearce was taken down in the presence of the witness called to contradict him. He examined and signed it as containing the substance of what Pearce stated on the examination before him; and although this statement thus written is not, "*of itself*," evidence under the Criminal Code, *supra*, still it is, in connection with other evidence, competent for some pur-

poses. For example: if McIntire had been asked upon cross-examination if Pearce's statement, or the substance of it, had been written down, and he had answered, it had not, it would hardly be contended that the statement could not be used as evidence to show that the witness's memory was at fault. And, for the like reason, the statement was competent, as affording a test for trying the memory of the witness as to what was stated before him a year prior to that time, and what he then regarded as important and a substantial part of the evidence of a witness, whom he was called to contradict.

Here McIntire professes to give a minute and detailed account of what Pearce said a year before, relying upon his memory for the correctness of the account he is giving of the testimony; and it is certainly legitimate and proper to test his memory by every proper and fair means within the power of the party against whom he is testifying; and if he had previously undertaken to write out the statement of the witness, or examined it after it had been written by another, and approved it by signing his name thereto, and it appears from the writing that he then gave a different account of it, that must operate, to a greater or less extent, to show the imperfection of his recollection as to what the witness stated before him, and was, therefore, competent in that view; consequently, the court below erred in refusing to permit the statement offered to be given to the jury, with the explanation of the purpose for which it was introduced.

Wherefore, the judgment is *reversed*, and the cause is remanded for a new trial, and for further proceedings consistent with this opinion.